IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RICHARD W. SHIELDS, Register No. 42700, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-4003-CV-C-NKL |
| | ) | |
| MISSOURI DEPT. OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Plaintiff Richard W. Shields, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On April 28, 2006, defendants filed a motion to dismiss plaintiff's claims. Plaintiff filed a response and a motion for leave to file a second amended complaint, to which defendants have not replied.

Upon review, and there being no opposition filed, plaintiff's motion to file a second amended complaint is granted. In light of such Amendment, defendants' motion to dismiss should be denied.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

In the instant case, considering the Supreme Court's recent decision in United States v. Georgia, ___ U.S. ___, 126 S. Ct. 877 (2006), the court cannot determine at this stage in the

proceedings that plaintiff can prove no set of facts in support of his claims under 42 U.S.C. § 1983, and the Americans with Disabilities Act (ADA). The issues of this case, including abrogation of sovereign immunity, are based, in part, upon factual determinations that are more appropriately addressed at the summary judgment stage.

IT IS, THEREFORE, ORDERED that plaintiff's motion for leave to file a second amended complaint is granted [14]. It is further

RECOMMENDED that defendants' motion to dismiss be denied [12].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 9th day of August, 2006, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge